

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,355

### EX PARTE QUENTIN DEWAYNE ROACH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1016340 IN THE 339TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*. KELLER, P.J., dissents.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to fifty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Roach v. State*, No. 14-06-00756-CR (Tex. App.–Houston [14th Dist.] 2008, no pet.).

Applicant contends that his trial counsel rendered ineffective assistance. After holding a live evidentiary hearing, the trial court made findings of fact and conclusions of law and recommended

that we grant Applicant a new trial. Based on our own independent review of the record, we conclude that trial counsel was ineffective and that Applicant is entitled to a new trial.[1] The judgment of conviction in Cause No. 1016340 from the 339th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the sheriff of Harris County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 19, 2010
Do Not Publish

---

[1] In reaching this conclusion, we wish to remind Applicant's habeas counsel that he is an officer of the court and is obligated under Rule 3.03 of the Disciplinary Rules of Professional Conduct not to mislead this Court. TEX. DISCIPLINARY R. PROF. CONDUCT 3.03. In the future, we encourage habeas counsel to take greater care in his legal arguments and to be cognizant of Rule 3.03.